﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 181228-1526
DATE: August 29, 2019

ORDER

Service connection for low back condition is granted.

FINDING OF FACT

The Veteran has a current diagnosis of a low back disability, and the evidence is in equipoise regarding whether it is related to her active military service.

CONCLUSION OF LAW

Resolving all reasonable doubt in favor of the Veteran, the criteria for service connection for a low back disability have been satisfied. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the U.S. Army from May 2004 to December 2005. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from rating decisions issued by a Department of Veterans Affairs (VA) Agency of Original Jurisdiction (AOJ) in November 2017 and August 2018. In December 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Higher-Level Review lane when she opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in July 2018. Accordingly, the August 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ. 

The Veteran’s service connection claim for a low back disability was previously considered and denied in October 2008, and that denial was subsequently confirmed and continued in rating decisions dated August 2013, May 2015, and November 2015. Although a prior final denial such as this generally requires the Board to adjudicate the threshold issue of whether the Veteran has submitted new and relevant evidence to reopen previously denied claims, in the present case, official U.S. Army service records from the Veteran’s period of active duty, to include certain service treatment records (STRs) reflecting her in-service treatment for a low back condition, were associated with the claims file for the first time in September 2017. 

Where additional relevant official service department records are received by VA at any time after a claim has been adjudicated, and such records existed and had not been associated with the claims file when VA first decided the claim, then the claim must be reconsidered notwithstanding the new and material evidence provisions of 38 C.F.R. § 3.156(a). See 38 C.F.R. § 3.156(c). Accordingly, because the Veteran’s service treatment records had not been associated with the claims file at the time of the October 2008 rating decision, or any of the subsequent rating decisions, her service connection claim for a low back disability must be reopened, and the issue of new and relevant evidence is thus rendered moot.

Entitlement to service connection for low back condition is granted.

The Veteran contends that her current low back disability is causally related to the treatment she received during service for a low back condition, and for the reasons set forth below, the Board agrees. 

Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. See Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

As an initial matter, the Board notes that the STRs associated with the Veteran’s claims file in September 2017 indicate treatment for a low back condition, to include low back pain, round ligament pain, and lumbago, in March 2005, May 2005, and June 2005 during her military service. 

In its August 2018 rating decision, the AOJ found that the Veteran has been diagnosed with a current low back disability, to include a lumbosacral strain, noting that the Veteran’s STRs also reflect her in-service treatment for a low back condition, but declining to find a causal relationship or a nexus between the Veteran’s in-service low back treatment and her current low back condition. Thus, the issue before the Board involves whether a causal relationship or nexus exists between the Veteran’s current low back disability and her active military service. 

After careful review, the Board finds that a causal relationship or nexus exists in this case, in light of favorable medical and lay evidence showing that the symptoms currently attributable to the Veteran’s low back disability began during her active military service. 

The Veteran underwent an October 2017 VA examination which culminated in a report finding that, in light of evidence of the Veteran’s in-service treatment for a low back condition, her current low back disability is as likely as not related to her military service. The October 2017 VA examiner indicated the Veteran’s endorsements of constant daily back pain, with an average estimated severity of 8 or 9 on a scale of 1 to 10 and described as a sharp burning sensation traveling down the right buttock and leg to the hamstring, calf, and right ankle. In addition, the October 2017 VA examination report indicated abnormal range of motion of 0 to 20 degrees, which contributes to functional loss described as sharp pain with the following ranges of motion: extension; right lateral flexion; left lateral flexion; right lateral rotation; and left lateral rotation. In addition to pain, the Veteran reported that her low back symptoms also impact her ability to work by impairing her ability to lift items. 

The Board notes that a subsequent November 2017 VA medical opinion found no nexus between the Veteran’s current low back disability and her in-service treatment, based upon a lack of evidence of chronicity, disagreement with the prior diagnosis, and the identification of an intervening cause. However, the Board finds the November 2017 VA medical opinion to lack adequacy due to its omission of any discussion of lay statements or acknowledgement of the Veteran’s documented functional loss. See Barr v. Nicholson, 21 Vet. App. 303, 310-11 (2007); Saunders v. Wilkie, 886 F.3d 1356, 1362-63 (2018).

Accordingly, in light of the foregoing, the Board finds the evidence of record to be in relative equipoise as to whether the Veteran’s low back disability is as likely as not due to her in-service treatment for a low back condition, as at least one competent VA examiner has provided a positive nexus opinion attesting to a direct causal relationship between the two. See Ashley v. Brown, 6 Vet. App. 52, 59 (1993); 38 C.F.R. § 3.159(a)(2). Therefore, resolving all reasonable doubt in the Veteran’s favor, the Board finds that service connection for the Veteran’s low back disability is warranted on a direct basis, and the appeal is granted. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Hannah Marsdale, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.